## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDAL BARGE, RICHELE BARGE, DANIEL COURNEY, TABITHA PARKER, ROBERT PARKER, LYDIA ORTIZ, KOMBE SEFELINO and other members exercising their First Amendments Rights in Englewood outside or near the abortion clinic on Engle Street in Englewood, New Jersey<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF ENGLEWOOD, NEW JERSEY; ENGLEWOOD CITY COUNCIL; THE ENGLEWOOD POLICE DEPARTMENT; CHIEF LAWRENCE SUFFERN (in his official and individual capacities); DEPUTY CHIEF THOMAS LOSCHIAVO (in his official and individual capacities); OFFICER CALDERIN (in his official and individual capacities); DETECTIVE J. MORENO (in his individual and official capacities), and JOHN DOES 1-10 OF THE ENGLEWOOD POLICE DEPARTMENT (unidentified Englewood Police Officers, in their official and individual capacities),<br><br>      Defendants. | CASE NO.:<br><br>Civil Action<br><br>**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND COMPENSATORY AND PUNITIVE DAMAGES** |

Plaintiffs by and through counsel file this civil action to respectfully request this Court to issue Injunctive and Declaratory Relief and award Damages for

1

constitutional violations and other causes of action described below.  In support, Plaintiffs avers unto the Court as follows:

## I.  PRELIMINARY STATEMENT

1.    Plaintiffs seeks relief pursuant to 42 U.S.C. § 1983 for redress of the deprivation under color of state law of the fundamental and historical rights secured to him by the First and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New Jersey, Art. I., §§ 3 and 8.

2.    Plaintiffs seeks a temporary restraining order, preliminary injunctive relief, declaratory judgment, nominal damages as well as compensatory and punitive damages for the actions of Defendants that violated his fundamental constitutional rights.

## II.    JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343(a)(3), (4), which confers original jurisdiction on federal district courts in suit to redress the deprivation of rights, privileges and immunities as set forth in paragraph one (1).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over state claims on federal district courts.  This action is also authorized by 42 U.S.C. §

1983, because Defendants are state actors that have abridged Plaintiffs' constitutional rights. The Court may address declaratory relief requested pursuant to 28 U.S.C. § 2201 and 2202 and 42 U.S.C. § 1983.

4.    Venue is proper in the District of New Jersey, pursuant to 28 U.S.C. § 1391(b), because the claims arose in the district.

### III.    IDENTIFICATION OF PARTIES

5.    Plaintiffs are adult citizens and are residents of the State of New Jersey with the exception of Plaintiff Lydia Ortiz who is a resident of the State of New York.

6.    Defendant City of Englewood, New Jersey is a municipal corporation existing under the laws and Constitution of the State of New Jersey and is a corporate entity capable of suing and being sued. In all respects set forth in this Complaint, Defendant City of Englewood acted under color of the law of the State of New Jersey.

7.    Defendant Englewood City Council is the legislative branch of government, whereby, deciding public policy, creating city ordinances and resolutions, passing the city budget, appropriating funds for city services, and hiring the City Manager.

8.    Defendant Englewood Police Department is operated and maintained

by Defendant City of Englewood.  In all respects set forth in this Complaint, Defendant Englewood Police Department acted under color of law of the law of the State of New Jersey.

9.    Defendant Chief Lawrence Suffern is the Chief of the Englewood Police Department.  He is sued in his official and individual capacities.  In all respects set forth in this Complaint, Defendant Chief Lawrence Suffern acted under the color of the law of the State of New Jersey.

10.    Defendant Deputy Chief Thomas Loschiavo is the Deputy Chief of the Englewood Police Department.  He is sued in his official and individual capacities.  In all respects set forth in this Complaint, Defendant Chief Lawrence Suffern acted under the color of the law of the State of New Jersey.

11.    Defendant Officer Calderin and Detective J. Moreno are employed by the Englewood Police Department.  They are being sued in their official and individual capacities.  In all respects set forth in this Complaint, Defendant Calderin and Defendant Moreno acted under color of the law of the State of New Jersey.

12.    Defendant John Does 1-10 of the Englewood Police Department are employed by the City of Englewood.  They are being sued in their official and individual capacities.  In all respects set forth in this Complaint, Defendant John Does 1-10 of the Englewood Police Department acted under color of the law of the

4

State of New Jersey.

## IV.   <u>STATEMENTS OF FACTS</u>

13.    Plaintiffs are devout Christians and active evangelists.

14.    Plaintiffs' sincerely-held religious beliefs compel them to proclaim the Word of God, the Gospel of Jesus Christ and the message of salvation  through the spoken and written word to as many people as possible and to counsel against the killing of innocent life, to wit, unborn babies.

15.    As part of Plaintiffs' evangelistic work, Plaintiffs regularly engage in constitutionally-protected activities, such as open-air preaching, holding Scripture-based banners and signs, speaking against abortion, speaking about the message of salvation, and distributing Gospel literature on public streets and sidewalks, in parks, on boardwalks and in other public venues in cities across America.

16.    Street preaching, also known as open-air preaching, is a historical form of free speech that involves lifting up one's voice to deliver a public message of repentance and faith in the Lord Jesus Christ.  Open air-preaching is integral and essential to Plaintiffs' free expression and free exercise of religion as they believe that they have a Biblical mandate to: "Go into all the world and preach the gospel to all creation. [16] Whoever believes and is baptized will be saved, but whoever does not believe will be condemned."  (Mark 16:15-16).   And Romans 10:14 asks,

"How will they hear without a preacher? So then faith comes by hearing, and hearing by the word of God."

17.     By street preaching, the Plaintiffs were exercising their sincerely held religious beliefs that that all people are born sinners ("For all have sinned and fall short of the glory of God. Romans 3:23) and the message of salvation and eternal life is believing that Jesus Christ died for ones sins and arose from the dead.  ("If you declare with your mouth, 'Jesus is Lord' and believe in your heart that God raised him from the dead, you will be saved."  Romans 10:9 and "For God so loved the world that he gave his one and only Son, that whoever believes in him shall not perish but have eternal life.  For God did not send his Son into the world to condemn the world, but to save the world through him.  Whoever believes in him is not condemned, but whoever does not believe stands condemned already because they have not believed in the name of God's one and only Son."  John 3:16-18.)

18.     As to abortion, the Plaintiffs expressed the message of the Holy Bible which proclaims:  "For you created my inmost being; you knit me together in my mothers womb."  Psalm 139:13; "Did not he who made me in the womb make them? Did not the same one form us both within our mothers?"  Job 31:15.

19.     As to homosexuality, the Plaintiffs sincerely held religious beliefs are that homosexuality is sin:  "Or do you not know that wrongdoers will not inherit

6

the kingdom of God? Do not be deceived: Neither the sexually immoral nor idolaters nor adulterers nor men who have sex with men nor thieves nor the greedy nor drunkards nor slanderers nor swindlers will inherit the kingdom of God."  1 Corinthians 6:9-10; and "In a similar way, Sodom and Gomorrah and the surrounding towns gave themselves up to sexual immorality and perversion. They serve as an example of those who suffer the punishment of eternal fire."  Jude 7; and "If a man has sexual relations with a man as one does with a woman, both of them have done what is detestable. They are to be put to death; their blood will be on their own heads." Leviticus 20:13.

20.    Defendants have obstructed and thwarted Plaintiffs rights to express their sincerely held religious beliefs and criminalized their Right to Free Speech and Right to Free Exercise of their Religion.

21.    Due to modern technology and industrialism and the ambient noise created in urban areas, Plaintiffs often use signs, amplification devices, and banners in order to effectively communicate in noisy environments.

22.    Because of the practice, policy and custom of Defendants, Plaintiffs' constitutional rights to engage in effective free speech activities have suffered, are suffering and will continue to suffer without immediate relief by this court.

23.    Metropolitan Medical Associates (hereinafter "Metropolitan") is an abortion clinic located at 40 Engle Street in Englewood, New Jersey 07631.  Upon

information and belief, Metropolitan is one of the largest abortion clinics in the State of New Jersey.

24.    Plaintiffs regularly meet outside and near or around Metropolitan to street preach, evangelize, and protest – exercising their First Amendment Rights on the sidewalk.

25.    They, along with others, assemble on the city streets in Englewood near the abortion clinic Metropolitan Medical Associates at 40 Engle Street, Englewood, New Jersey in order to exercise their First Amendment Right to Free Speech and engage in dialogue with passersby about life in Jesus Christ  who can save them from their sins and that abortion was the killing of innocent life, to wit, unborn babies.  (Romans 6:23 "For the wages of sin is death; but the gift of God is eternal life through Jesus Christ our Lord."

26.    The area is known to have a constant stream of pedestrian and vehicular traffic as well as a variety of other entertainment and commercial activity.  Moreover, it is the area outside of the abortion clinic which retains a buffer zone and Plaintiffs assemble outside of that buffer zone.  The buffer zone existed because Free Speech activity is frequently exercised in that area. (The buffer zone is presently under challenge in the Third Circuit see Turco v City of Englewood No. 17-3716).

27.    Plaintiffs chose this location since it is located near the abortion clinic

and they wanted to reach as many people as possible.

28.     Plaintiffs have been subjected to a number of discriminatory acts by the Defendants, collectively, in an effort to thwart the Plaintiffs' Free Speech Rights and their Constitutionally protected rights and criminalize their Free Speech and the message of their sincerely held religious beliefs.

29.     By way of example only and by no way limited to these occasions, the following occurred against Plaintiffs:

    a.  Plaintiff Daniel Courney was wrongfully arrested and prosecuted for "engaging in a protect at 40 Engle Street in violation of a court order issued by the Honorable Judge Anthony Gallina which ordered that the Defendant avoid all contact with the victim Dr. Keith Gresham, in violation of NJSA 2C:12-10C, a crime of the Third Degree."  (See Criminal Complaint against Daniel Courney dated August 27, 2021). That same Criminal Complaint alleged that Plaintiff Courney violated and disobeyed a "Judicial Order issued by the Hon. Anthony Gallina on March 27, 2021 . . .". That criminal complaint was signed by Defendant Moreno and the Complainant was Defendant Calderin. However, no such Order existed.  In fact, the Honorable Judge Anthony Gallina specifically stated that Plaintiff Courney could return to the abortion clinic and exercise his First Amendment Rights for

Free Speech.  The criminal complaint was false and the Defendants knew or should have known it was false and instead arrested the Plaintiff Courney, incarcerated him for 6 days until September 1, 2021, when the Honorable Susan Steele, JSC, found no probable cause as to Counts One and Two of the Criminal complaint filed by Defendants against Plaintiff Courney and dismissed those Counts and released the Defendant.

b. Plaintiff Randal Barge was subjected to a physical assault by members and employees of Metropolitan and was severely injured necessitating medical attention.   Plaintiff Barge attempted to file a criminal complaint for assault and Defendants Englewood refused to accept his complaint or process his complaints as a victim of an assault and instead, avoided Plaintiff.

c. Plaintiffs Richele Barge, Daniel Courney, and Tabitha Parker have been falsely charged with violating noise ordinances by exercising their First Amendment Rights outside the abortion clinic and Defendants have done so in order to thwart their ability to protest against abortions knowing that the noise ordinance does not take into account the ambient noise levels on Engle Street which is a main thoroughfare in Englewood with heavy public transportation and

motor vehicle traffic.

d.  Plaintiffs Lydia Ortiz, Kombe Sefelino, and Daniel Parker have been falsely charged with harassment and hate crimes by exercising their First Amendment Rights near the abortion clinic on a public sidewalk and Defendants have done so in order to thwart their ability to street preach and to thwart the exercise of their sincerely held religious beliefs that all people are born sinners ("For all have sinned and fall short of the glory of God. Romans 3:23) and the message of salvation and eternal life is believing that Jesus Christ died for ones sins and arose from the dead.  ("If you declare with your mouth, 'Jesus is Lord' and believe in your heart that God raised him from the dead, you will be saved."  Romans 10:9 and "For God so loved the world that he gave his one and only Son, that whoever believes in him shall not perish but have eternal life.  For God did not send his Son into the world to condemn the world, but to save the world through him. Whoever believes in him is not condemned, but whoever does not believe stands condemned already because they have not believed in the name of God's one and only Son."  John 3:16-18.)

e.  Plaintiff Robert Parker regularly exercises his First Amendment Right outside the abortion clinic in Englewood and is met with hostility by

11

agents of the abortion clinic as well as Defendants as the local law enforcement agency acting independently or in conspiracy with Metropolitan in an effort to thwart Plaintiffs First Amendment Rights and Right to exercise his sincerely held religious beliefs that abortion is the killing of innocent babies, that all people are born sinners ("For all have sinned and fall short of the glory of God. Romans 3:23) and the message of salvation and eternal life is believing that Jesus Christ died for ones sins and arose from the dead. ("If you declare with your mouth, 'Jesus is Lord' and believe in your heart that God raised him from the dead, you will be saved."  Romans 10:9 and "For God so loved the world that he gave his one and only Son, that whoever believes in him shall not perish but have eternal life.  For God did not send his Son into the world to condemn the world, but to save the world through him.  Whoever believes in him is not condemned, but whoever does not believe stands condemned already because they have not believed in the name of God's one and only Son."  John 3:16-18.)

30.    Plaintiffs have submitted to the authority of the municipal court and prosecutor which prosecuted the violations against the Plaintiffs yet refused to prosecute the Plaintiffs claims.  Plaintiffs have been forced to retain legal counsel,

forced to appear on many occasions in municipal court, and forced to defend the charges against them.

## V.   ALLEGATIONS OF LAW

### COUNT I
### MALICIOUS PROSECUTION, MALICIOUS USE OF PROCESS, AND FALSE ARREST

31.   Plaintiffs have a federally protected right and privilege to be free from deprivation his freedom of speech, expression and association under the First Amendment to the United States Constitution as incorporated and applicable to the state by the Fourteenth Amendment to the United States Constitution.

32.   The Defendants knew or should have known that Plaintiffs have a federally protected right and privilege to be free from deprivation his freedom of speech, expression and association under the First Amendment to the United States Constitution as incorporated and applicable to the state by the Fourteenth Amendment to the United States Constitution.

33.   Defendants acted in a manner of deliberate indifference to the rights of Plaintiffs, deprived Plaintiff of certain civil rights secured under the First and Fourteenth Amendment of the United States Constitution, by wrongfully censoring Plaintiffs freedom of speech, expression and association.

34.   On August 27, 2021, Defendants accused the Plaintiff Courney of

violating criminal statutes and those allegations were found to have no probable cause.  Plaintiffs Barge, Courney, and Parker were falsely charged with violating noise Ordinances.   Defendants failed to assist and prosecute Plaintiff Randall Barge's claims of assault.

35.    There was no probable cause for charging Plaintiffs with violations and the violations were maliciously charged so as to prevent Plaintiffs from exercising their First Amendment rights and otherwise precluded Plaintiffs from assembling on the city street in Englewood near the abortion clinic – Metropolitan Medical Associates – and preaching to passersby about life in Jesus Christ who can save them from their sins and that abortion was the killing of innocent life, to wit, unborn babies.

36.    The Defendants, illegally and by their malice did cause Plaintiff Courney to be imprisoned, and cause him to be taken from his residence and from his six minor children and wife against his will and in the custody of Englewood law enforcement.

37.    Plaintiff Courney was accused of criminal activity that was false and was detained against his will.  As a direct and proximate cause of the actions on the part of the Defendants, Plaintiff Courney has suffered irreparable harm and other physical and emotional injuries.

38.    As a direct result of the Defendants actions, Plaintiff suffered

damages, including attorney's fees and costs associated with vindicating his civil rights.

39.     By reason of the described conduct of Defendants, Defendants, and each of them, are liable to Plaintiffs under 42 U.S.C.A. § 1983 for injuries suffered by Plaintiffs, in that their conduct deprived Plaintiffs of rights, privileges and immunities given Plaintiffs by the United States Constitution and the New Jersey Constitution.

WHEREFORE, Plaintiffs respectfully requests that the Court grant the relief set forth hereinafter in the prayer for relief.

## COUNT II
## THE ORDINANCE, ON ITS FACE, IS UNCONSTITUTIONAL

40.     Plaintiffs repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

41.     Defendants Courney, Parker, and Barge were charged with violating the Englewood Noise Ordinance, Ordinance 286-7, which both as written and as enforced by Defendants, is content- and viewpoint-based, and abuses governmental power, denies free speech in a traditional public forum, does not further any important or substantial government interest, and imposes restrictions that are

greater than necessary to further any government interest asserted.

42.     Specifically, but not exclusively, Ordinance 286-7 is content-based because the main purpose in enacting it was to suppress speech of certain content and because it differentiates speech based on the context of the speech.   This includes, without limitation, the fact that the ordinance elevates

43.     Specifically, but not exclusively, Ordinance 286-7 is not narrowly tailored to serve any significant governmental interest and imposes restrictions that are greater than necessary to further such interests because, on its face and as applied, it restricts free speech, expression and association and does not differentiate between ambient noise and religious free speech.

44.     Any interest advanced by Defendants to support the Ordinance is related to the suppression of constitutional and statutory rights and is also minor compared to the infringement of rights worked by the Ordinance.

45.     Unless and until Defendants are restrained by order of this Court, Defendants, acting through their officers, servants, agents, and employees, will enforce the Ordinance.

46.     Unless and until this Court declares the Ordinance unconstitutional, Defendants, acting through its officers, servants, agents and employees, will enforce the Ordinance.

47.     All of the acts of the Defendants, its officers, agents, servants, and

employees, as alleged herein, were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of the City of Englewood and State of New Jersey.

48.    Plaintiff is suffering irreparable injury from the enforcement and threat of enforcement of the Ordinance, and will continue to suffer irreparable injury until the threat of enforcement is lifted.

WHEREFORE, Plaintiff respectfully requests that the Court grant the relief set forth hereinafter in the prayer for relief.

## COUNT III
## THE ORDINANCE, AS APPLIED, VIOLATES PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 (FIRST AMENDMENT FREEDOM OF SPEECH, EXPRESSION AND ASSOCIATION)

49.    Plaintiffs repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

50.    Plaintiffs assembled on the city street in Englewood near the abortion clinic Metropolitan Medical Associates at 40 Engle Street, Englewood, New Jersey in order to exercise their First Amendment Right to Free Speech and engage in dialogue with passersby about life in Jesus Christ who can save them from their sins and that abortion was the killing of innocent life, to wit, unborn babies.

17

51.    The First Amendment's Freedom of Speech Clause, incorporated and made applicable to the states by the Fourteenth Amendment to the United States Constitution, prohibits censorship of religious expression.

52.    Defendants violated Plaintiff's First Amendment right to freedom of speech by instruction him to cease and desist from advocacy through the street preaching in the public sidewalk and issuing them a violation because of the religious content of his speech.

53.    Defendants, under the color of law, censored Plaintiff's ability to exercise their First Amendment rights, particularly Free Speech, Free Exercise, and Freedom of Association, by enforcing Ordinance 286-7 against the Plaintiffs and directing him to cease and stop his street preaching.

54.    Under the threat of criminal prosecution, Plaintiffs engaged in obedient debate with Defendant, regarding the apparent violation of Plaintiff's First and Fourteenth Amendment rights and the violation of the Ordinance 286-7.

55.    Plaintiffs have a federally protected right and privilege to be free from deprivation his freedom of speech, expression and association under the First Amendment to the United States Constitution as incorporated and applicable to the state by the Fourteenth Amendment to the United States Constitution.

56.    The Defendants knew or should have known that Plaintiffs have a federally protected right and privilege to be free from deprivation his freedom of

speech, expression and association under the First Amendment to the United States Constitution as incorporated and applicable to the state by the Fourteenth Amendment to the United States Constitution.

57.     Defendants acted in a manner of deliberate indifference to the rights of Plaintiff, when they ordered Plaintiff to stop Free Speech and under color of law, deprived Plaintiffs of certain civil rights secured under the First and Fourteenth Amendment of the United States Constitution, by wrongfully censoring Plaintiffs freedom of speech, expression and association.

58.     Defendants' policies and practice allow officials to exercise unbridled discretion to discriminate against public expression outside and in a public forum on the basis of content or viewpoint.

59.     The very existence of unbridled discretion is a form of viewpoint discrimination and do not differentiate between ambient noise and Free Speech.

60.     Defendants exercised their unbridled discretion to effectively ban Plaintiff's expression.

61.     Defendants' policies and practice chill the speech of third parties who might seek to make a public religious expression.

62.     Defendants' policies are vague and overbroad

63.     Defendants' policies and practice are content-based restrictions on Plaintiff's expression.

19

64.    Defendants' policies and practice are viewpoint-based restrictions on Plaintiff's expression.

65.    Defendants have denied Plaintiff's right to freedom of speech by discriminating against them on the basis of the religious viewpoint of their expression.

66.    No compelling state interest exists to justify the effective ban on Plaintiffs expression.  Moreover, Defendant's interest in efficiently fulfilling their responsibilities to the public were hampered by their unconstitutional actions against Plaintiffs freedom of religious expression.

67.    Defendants' policies and practice are not the least restrictive means to accomplish any permissible government purpose sought to be served by the actions.

68.    Defendants' policies and practice do not leave open ample alternative channels of communication for Plaintiffs.

69.    Defendants' policies and practice unconstitutionally chill and abridge Plaintiff's right to freely express himself in a public forum.

70.    Defendants' violation of Plaintiff's right of free speech have caused him to suffer irreparable injury. As a direct result of the Defendants' violation of Plaintiffs' constitutional rights, Plaintiffs have suffered and continue to suffer harm, including but not limited to: humiliation, embarrassment, emotion distress,

and damage to his reputation.  Plaintiffs have had to incur reasonable attorney fees and expenses.

71.    Plaintiffs have no adequate remedy at law to correct the continuing deprivations of his most cherished constitutional liberties.

72.    As a direct result of the Defendants violation of Plaintiffs civil rights, Plaintiffs suffered damages including but not limited to, the chilling his First Amendment Rights, emotional damages, embarrassment, humiliation, stress and/or mental anguish and all other damages directly and or consequentially associated with the deprivation of one's civil rights.

73.    As a direct result of the Defendants actions, Plaintiffs suffered damages, including attorney's fees and costs associated with vindicating their civil rights.

74.    By reason of the described conduct of Defendants, Defendants, and each of them, are liable to Plaintiff under 42 U.S.C.A. § 1983 for injuries suffered by Plaintiffs, in that their conduct deprived Plaintiff of rights, privileges and immunities given Plaintiff by the United States Constitution and the New Jersey Constitution.

WHEREFORE, Plaintiffs respectfully requests that the Court grant the relief set forth hereinafter in the prayer for relief.

**COUNT IV**

## VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
## PURSUANT TO 42 UNITED STATES CODE §1983
## (EQUAL PROTECTION)

75.    Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

76.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution mandates that government shall not "deny to any person within its jurisdiction the equal protection of the laws." In other words, the Defendants were required to be impartial and not draw distinctions between the Plaintiffs and those opposing their viewpoints.

77.    The Defendants knew or should have known that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution mandates that government shall not "deny to any person within its jurisdiction the equal protection of the laws."

78.    The Defendants actions in failing to adhere to their own procedural and/or substantive rules, procedures and policies was arbitrary and capricious.

79.    The Defendants actions as described above constitutes the Defendants inconsistent application of procedures to members of the public.

80.    The Defendants actions in failing to adhere to their own procedural and/or substantive rules, procedures and policies arbitrarily singled Plaintiffs out

22

for disparate treatment.

81.    The Defendants actions in failing to adhere to their own procedural and/or substantive rules, procedures and policies placed Plaintiff in a special class, to which he is treated differently than other similarly situated individuals or groups.

82.    The Defendants actions in failing to adhere to their own procedural and/or substantive rules, procedures and policies constitutes a gross abuse of governmental power.

83.    The Defendants actions in failing to adhere to their own procedural and/or substantive rules, procedures and policies constitutes a personal and knowing disregard and/or deliberate indifference for Plaintiffs' legal rights.

84.    As a direct and proximate result of their actions, the Defendants, under the color of law, deprived the Plaintiff of equal protection rights secured under the 14th Amendment of the United States Constitution, by their utter disregard for the equal application of law and procedure and written policies to Plaintiff.

85.    As a direct and proximate result of their actions, the Defendants, under color of law, deprived Plaintiff of certain civil rights secured under the 14th Amendment of the United States Constitution, by arbitrarily taking action in contradiction of written policies in violation of Plaintiff's right to equal protection

under the law.

86.    As a direct and proximate result of the Defendants actions in violating the civil rights of Plaintiffs, Plaintiffs suffered damages, including but not limited to the chilling of their constitutional rights, emotional damages, embarrassment, stress and/or mental anguish and all other damages directly and or consequentially associated with the deprivation of one's civil rights.

## COUNT V
## VIOLATION OF FREE EXERCISE CLAUSE

87.    Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

88.    Defendants' policies and practice of effectively banning Plaintiffs' freedom to express a religious viewpoint on a matter of public concern in a traditional public forum is neither facially neutral nor generally applicable in respect to religion.

89.    Defendants' policies and practice of restricting Plaintiffs speech on its religious content and viewpoint selectively impose a burden on expression based upon its religious nature.

90.    Defendants have no compelling reason that would justify banning Plaintiffs' religious speech on a matter of public concern in a traditional public

forum.

91.    Defendants' policies and practice therefore violate the Free Exercise Clause of the First Amendment to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

WHEREFORE, Plaintiff respectfully request that the Court grant the relief set forth hereinafter in the prayer for relief.

## COUNT VI
## VIOLATION OF ESTABLISHMENT CLAUSE

92.    Plaintiffs repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

93.    The First Amendment's Establishment Clause, incorporated and made applicable to the states by the Fourteenth Amendment to the United States Constitution, prohibits the disparagement of religion.

94.    Defendants' policies and practice of effectively banning Plaintiffs religious expression on a matter of public concern in a traditional public forum are not neutral, but are invidious and disparaging of religion.

95.    No compelling state interest exists to justify the censorship of Plaintiffs religious expression on a matter of public concern in a traditional public forum.

96.    Defendants' policies and practice therefore violate the Establishment Clause of the First Amendment to the United States Constitution as incorporated and applied to the states under the Fourteenth Amendment.

WHEREFORE, Plaintiff respectfully request that the Court grant the relief set forth hereinafter in the prayer for relief.

**COUNT VII**
**DEFENDANT'S CONDUCT VIOLATES PLAINTIFFS' RIGHT**
**TO FREE EXERCISE AND ENJOYMENT OF RELIGION**
**UNDER ARTICLE I, §§ 3 AND 5 OF THE NEW JERSEY**
**CONSTITUTION**

97.    Plaintiffs repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

98.    Article I, § 3 of the New Jersey Constitution states, "No person shall be denied the inestimable privilege of worshipping Almighty God in a manner agreeable to the dictates of his own conscience."

99.    Article I, § 5 of the New Jersey Constitution states, "No person shall be denied the enjoyment of any civil or military right, nor be discriminated against in the exercise of any civil or military right, nor be segregated in the militia or in the public schools, because of religious principles, race, color, ancestry or national origin."

100.   Plaintiffs have sincerely held religious beliefs that mandate the sharing of their faith with others around him including those on the public street and other members of the public and he seeks exercise the tenets of their faith.

101.   Defendants' policy of refusing Plaintiffs the right to express their faith, on its face and as applied, targets the Plaintiffs and has impermissibly burdened Plaintiffs' sincerely held religious beliefs and compels them to both change those religious beliefs and to act in contradiction to them.

102.   Defendants' policy of refusing Plaintiffs the right to express their faith, on its face and as applied, on Plaintiffs is neither neutral nor generally applicable, but rather specifically and discriminatorily targets the religious speech, beliefs, and viewpoint of those individuals who believe in the Bible, and thus expressly on its face and as applied constitutes a substantial burden on sincerely held religious beliefs that are contrary to other viewpoints on abortion, right to life, sin and homosexuality, and salvation.

103.   Defendants' policy of refusing Plaintiffs the right to express their faith, on its face and as applied, has unconstitutionally conditioned expression by requiring them to compromise their clearly established right to free exercise of religion and belief.

104.   No compelling state interest justifies the burdens Defendants imposed upon Plaintiffs and their rights to the free exercise of religion.

105.   Even if the Defendant's policy mentioned herein were supported by a compelling state interest, they are not the least restrictive means to accomplish any permissible government purpose the policy seeks to serve.

106.   On its face and as applied, Defendants' policy of refusing Plaintiffs the right to express their faith is in violation of Plaintiffs' rights to free exercise of religion has caused, is causing, and will continue to cause Plaintiffs to suffer undue and actual hardship and irreparable injury.

107.   Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their most cherished constitutional liberties.

WHEREFORE, Plaintiffs respectfully prays for relief against Defendants as hereinafter set forth in their prayer for relief.

## COUNT VIII
## PUNITIVE DAMAGES

108.   Plaintiffs repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

109.   Defendants, while acting under color of law, Defendants named in this complaint knowingly and intentionally took action to violate and/or chill the First Amendment United States Constitutional Right to freedom of speech,

expression and association of the Plaintiffs and the New Jersey State Constitution Right to freedom of speech, expression and association of Plaintiffs and did so with a reckless, malicious, deliberate, willful, and intentional disregard for Plaintiffs' rights thereunder.

110.   Defendants did so with a knowing and intentional, reckless and/or callous and/or deliberate and/or willful and/or malicious disregard for the civil rights of Plaintiffs and others.

111.   As a direct and proximate result of the Defendants knowing and intentional, reckless and/or callous and/or deliberate and/or willful and/or malicious disregard for the civil rights of Plaintiffs, they suffered direct, indirect, consequential and all other applicable damages.

112.   To deter others from acting in a knowing and intentional, reckless and/or callous and/or deliberate and/or willful and/or malicious disregard for the civil rights of Plaintiffs and/or others, punitive damages are appropriate in this matter

## COUNT IX
## COSTS AND ATTORNEY FEES UNDER 42 UNITED STATES CODE §1988

113.   Plaintiffs repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same

force and effect as if fully set forth herein.

114.   Plaintiffs has brought a claim for relief in the form of proceedings to enforce the provisions of 42 U.S.C. §1983.

115.   Pursuant to 42 U.S.C. §1988 (b), this Court has the discretion to allow the prevailing plaintiff, reasonable attorney fees as part of the costs of this litigation.

116.   Pursuant to 42 U.S.C. §1988 (c), this Court has the discretion to allow the prevailing Plaintiff reasonable expert fees as part of the costs of this litigation.

117.   As a direct and proximate result of the Defendants illegal, oppressive and unconstitutional acts, omissions and conduct, Plaintiffs have been compelled to institute litigation to vindicate his civil rights.

118.   As a direct and proximate result of the Defendants illegal, oppressive and unconstitutional acts, omissions and conduct, Plaintiffs have been compelled to employ counsel and/or experts to prosecute these proceedings, resulting in their incurring costs, reasonable attorney fees and/or expert fees for their services

## COUNT X
## INJUNCTIVE RELIEF

119.   Plaintiffs repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in Paragraphs above with the same force and effect as if fully set forth herein.

120.   The continued enforcement or threatened enforcement of the overly broad, arbitrary, capricious, and unnecessary restriction on Plaintiffs right to Free Speech in the advocacy of his sincerely held religious beliefs chills Plaintiff's First Amendment Constitutional Right to speech, expression and association, and if not enjoined will continue to cause irreparable loss and damages to Plaintiffs with no adequate remedy at law.

## COUNT XI

## AIDING IN THE COMMISSION OF A TORT AND CONSPIRACY TO COMMIT TORT

121.   Plaintiffs repeat the allegations in the previous Counts as if set forth herein at length.

122.   The Defendants, with Metropolitan Medical Associates, collectively pursued a common plan, designed to cause the Plaintiffs to be removed from a public forum against their will and be falsely arrested and detained while exercising their Free Speech Rights.

123.   The Defendants collectively and with Metropolitan, by active participation, aid, encouragement or ratification of Plaintiffs malicious removal and false arrest, are jointly and severally liable in damages to the Plaintiffs.

124.   The Defendants collectively entered into a confederation with Metropolitan a common design to falsely arrest and remove the Plaintiffs from a public forum while exercising a First Amendment Right of Free Speech against

31

their will.

125.   The Defendants sought to remove the Plaintiffs from the public forum through unlawful means.

WHEREFORE, Plaintiff requests for judgment against Defendant in an amount within the jurisdiction of this court, for costs expended in this action, and for such other and further relief as this court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment as follows:

a.  Award actual compensatory damages, consequential damages and special damages including but not limited to: compensation for embarrassment and humiliation, mental distress, and for damages related to the indignities visited upon him by the violation of his State and Federal Civil Rights, against each of the Defendants, individually and in their official capacity, jointly and severally, in such amount deemed appropriate to adequately compensate Plaintiffs for their damages.

b.  Award punitive damages against the Defendants, jointly and severally, in the such other amount deemed appropriate to vindicate the public interest in deterring the abuse of authority and in deterring intentional, willful and callous disregard for the civil rights of citizens.

c.  Award fees and costs of this action including attorneys and expert fees, and litigation expenses, incurred in vindicating Plaintiffs' Civil Rights pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988.

d.  Award interest on the claims from the date of filing until Judgment, and then from Judgment until satisfied in full.

e.  Plaintiffs demands that the Defendants and their agents, contractors, employees, servants and all others acting at their direction be forever permanently enjoined and restrained from enforcing the alleged ordinance in a manner that infringes upon the Constitutional rights set forth herein.

f.  Based on the actual case and controversy set forth above, Plaintiff seeks the Court to enter a Declaratory Judgment declaring the Ordinance as applied is unconstitutional.

g.  Such other and further relief as the court deems just and proper.


DATED:      August 23, 2022    Respectfully submitted,


*s/ Demetrios K. Stratis*

Demetrios K. Stratis (022391991)
RUTA, SOULIOS AND STRATIS, LLP
10-04 River Road
Fair Lawn, NJ  07410
Tele: (201) 794-6200; Fax: (201) 794-6300
Email:  dstratis@stratislaw.com
Attorneys for Plaintiffs

JURY DEMAND

Plaintiffs hereby demand a trial by jury.

DATED:      August 23, 2022                    Respectfully submitted,

                                               s/ Demetrios K. Stratis
                                               Demetrios K. Stratis (022391991)

34