**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDAL BARGE, RICHELE BARGE, DANIEL COURNEY, TABITHA PARKER, ROBERT PARKER, LYDIA ORTIZ, KOMBE SEFELINO, and other members exercising their First Amendment Rights in Englewood outside or near the abortion clinic on Engle Street in Englewood, New Jersey,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF ENGLEWOOD, NEW JERSEY; ENGLEWOOD CITY COUNCIL; THE ENGLEWOOD POLICE DEPARTMENT; CHIEF LAWRENCE SUFFERN (in his official and individual capacities); DEPUTY CHIEF THOMAS LOSCHIAVO (in his official and individual capacities); OFFICER CALDERIN (in his official and individual capacities); DETECTIVE J. MORENO (in his individual and official capacities); and JOHN DOES 1-10 OF THE ENGLEWOOD POLICE DEPARTMENT (unidentified Englewood Police Officers, in their official and individual capacities),<br><br>*Defendants*. | Civil Action No. 22-05181<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendants' unopposed motion to dismiss the Complaint. D.E. 5. Plaintiffs brought this action on August 23, 2022, alleging that their rights were violated when they attempted to protest and evangelize outside of an abortion clinic. D.E. 1

("Compl."). Defendants filed the pending motion to dismiss on November 17, 2022. D.E. 5. Plaintiffs requested that the motion be adjourned for two motion cycles, to January 17, 2023, to allow Plaintiffs' counsel sufficient time to respond. D.E. 6. The Court granted that request, D.E. 7, but Plaintiffs nonetheless failed to oppose the motion; and it

**APPEARING** that a complaint may be dismissed where a motion to dismiss is unopposed and the plaintiff is represented by counsel. *Brown v. DiGuglielmo*, 418 F. App'x 99, 102 (3d Cir. 2011); *see also Stackhouse v. Mazurkiewicz*, 951 F.3d 29, 30 (3d Cir. 1991) (noting that where a party is represented by counsel, the failure to oppose a motion to dismiss may result in the motion being treated as unopposed and render the complaint subject to dismissal); *Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (affirming the district court's granting of a motion to dismiss as unopposed where plaintiff, a licensed attorney, "failed to respond in any way" to the motion); and it further

**APPEARING** that Plaintiffs are represented by counsel, Plaintiffs' counsel was aware of the motion to dismiss, requested an adjournment of the motion to permit more time to respond, was granted such extension, and nonetheless failed to oppose the motion; and it further

**APPEARING** that Plaintiffs' Complaint is not a model of clarity. Solely by way of example, the Complaint:

- Does not clearly indicate which Plaintiff(s) assert each Count, nor which Defendant(s) each Count is asserted against;

- Contains inconsistent grammar and pluralization, and frequently fails to identify which Plaintiff(s) or Defendant(s) are being discussed. *See, e.g.*, Compl. ¶ 52 ("Defendants violated Plaintiff's First Amendment right to freedom of speech by instruction him to cease and desist from advocacy through the street preaching in the public sidewalk and issuing them a violation because of the religious content of his speech.");

- Contains an allegation as to "Daniel Parker," but Daniel Parker is not listed as a Plaintiff. *Id.* ¶ 29d;

- Specifically cites to a document that Plaintiffs did not attach.  *See id.* ¶ 29a (citing to the "Criminal Complaint against Daniel Courney dated August 27, 2021");

- Contains unsupported legal conclusions that the City of Englewood's Noise Ordinance, *see* D.E. 5-3 Ex. A, is "content- and viewpoint-based" on its face, *see, e.g.*, Compl. ¶¶ 41-42, which the Court determines to be clearly incorrect given the text of the ordinance;

- Contains an unfinished sentence.  *See id.* ¶ 42;

- Repeatedly refers to unidentified "policies," "practices," and "procedures";

- Alleges that "Daniel Courney was wrongfully arrested and prosecuted for 'engaging in a protect [*sic*] at 40 Engle Street in violation of a court order issued by the Honorable Judge Anthony Gallina which ordered that [Courney] avoid all contact with the victim Dr. Keith Gresham, in violations of NJSA 2C:12-10C, a crime of the Third Degree.'" *Id.* ¶ 29a.  Plaintiff then alleges that "no such Order existed." *Id.*  Defendants attach a Pretrial Release Order dated March 27, 2021 and issued by Judge Anthony N. Gallina, Superior Court of New Jersey, Bergen County, which orders Courney to "avoid all contact with an alleged victim of the offense," *i.e.*, Dr. Gresham, who works at MMA.[1]  D.E. 5-3 Ex. I; D.E. 5-3 Ex. H (identifying Dr. Gresham as the victim of Courney's alleged stalking offense); and it further

**APPEARING** that Plaintiffs' Complaint raises important constitutional and civil rights issues, which the Court would prefer to address with the benefit of full, adversarial briefing.

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 22nd day of March 2023,

**ORDERED** that Plaintiffs' Complaint, D.E. 1, is **DISMISSED without prejudice**; and it is further

**ORDERED** that if Plaintiffs wish to prosecute this action, they shall have thirty (30) days to file an amended complaint that cures the Complaint's numerous pleading deficiencies, including

---

[1] Given Judge Gallina's Order, D.E. 5-3 Ex. I, the allegation that "no such Order existed" is, at best, a failure by Plaintiffs' counsel to engage in reasonable inquiry as to the evidentiary support behind the allegation as required by Fed. R. Civ. P. 11, and, at worst, a deliberate attempt to deceive the Court.  The Court cautions Plaintiffs' counsel against such behavior in the future.

those noted above, and takes appropriate account of the arguments raised by Defendants in their motion to dismiss. If Plaintiffs do not file an amended complaint within this time, the Complaint will be dismissed with prejudice.

John Michael Vazquez, U.S.D.J.

Date: 3/22/2023