UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANIEL COURNEY,

    *Plaintiff*,

   v.

CITY OF ENGLEWOOD et al.,

    *Defendants*.

No. 22-cv-05181 (MEF)(AME)

**OPINION and ORDER**

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the allegations and procedural history of this case.

\*   \*   \*

After being arrested and jailed by local police, the Plaintiff sued the City of Englewood and the Englewood City Council (the "Defendants") under (1) 42 U.S.C. § 1983 and (2) the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2.[1]  See Second Amended Complaint ("Complaint") (ECF 21) at 1, ¶ 33.[2]

The two cited statutory provisions are interpreted identically. See Tucker v. City of Phila., 679 F. Supp. 3d 127, 137 (D.N.J. 2023) (citing cases).

Therefore, the Court considers them together here.

\*   \*   \*

---

[1] He has also sued a number of police officers. They are not considered here.

[2] In a freestanding Count VI, the Plaintiff also seeks costs under 42 U.S.C. § 1988, see Complaint ¶ 81, a provision that the Third Circuit has said does not create an independent cause of action. See Tunstall v. Off. of Jud. Support of Ct. of Common Pleas of Del. Cnty., 820 F.2d 631, 633 (3d Cir. 1987).

A plaintiff cannot hold a municipal defendant liable under a theory of simple respondeat superior or vicarious liability. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691–92 (1978).[3]

Instead, he must point to an unconstitutional municipal policy or custom, or a municipal failure or inadequacy that reflects a deliberate or conscious choice. See Forrest v. Parry, 930 F.3d 93, 105 (3d Cir. 2019).

Here, the Plaintiff bases his claims on municipal policy and custom. See Complaint ¶¶ 43, 62, 72–77.

But he does not allege facts that meaningfully back up those allegations.

To allege an unconstitutional policy, a plaintiff "must point to an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject." Forrest, 930 F.3d at 105.

And to allege an unconstitutional custom, he "must evince a given course of conduct so well-settled and permanent as to virtually constitute law." Id. This may take the form, for example, of a statistical analysis of similar lawsuits against a municipality, see Simpson v. Ferry, 202 F. Supp. 3d 444, 453 (E.D. Pa. 2016), or specific references to multiple incidents that suggest a particular custom. See Harris v. City of Phila., 171 F. Supp. 3d 395, 401–02 (E.D. Pa. 2016).

But there is nothing like that here.

---

[3] Section 1983 applies to "persons" only. See Monell, 436 U.S. at 690. It is not clear that a city council is a "person," and the weight of authority suggests that it is not. See Cellco P'ship v. City of Rochester, 719 F. Supp. 3d 256, 259 n.1 (W.D.N.Y. 2024); Workman v. Kernell, 2018 WL 4845830, at *2 (D.S.C. Apr. 26, 2018), report and recommendation adopted as modified, 2018 WL 4826535 (D.S.C. Oct. 2, 2018), aff'd sub nom. Workman v. Bodiford, 766 F. App'x 1 (4th Cir. 2019); Skyway Towers LLC v. City of S.A., 2014 WL 3512837, at *6 (W.D. Tex. July 14, 2014). The question may perhaps turn on state law. See Bonilla v. City Council of City of Chi., 809 F. Supp. 590, 600 (N.D. Ill. 1992); cf. Hernandez v. Twp. of Lyndhurst, 765 F. Supp. 3d 401, 409–12 (D.N.J. 2025). Because the parties have not briefed this question, the Court decides the motion on other grounds.

The Plaintiff's allegations about the Defendants' policies are conclusory. See Complaint ¶¶ 59–60, 62, 65, 67, 76.

For example, the Plaintiff alleges that the "Defendants' policies and practice of restricting Plaintiff[']s speech on its religious content and viewpoint selectively impose a burden on expression based upon its religious nature." Id. ¶ 60.

But in that paragraph and elsewhere, the Plaintiff does not provide any specifics. He does not elaborate on what the Defendants' "policies and practice[s]" were or provide even somewhat granular information as to how they have been applied to him.

The Plaintiff does say that police officers employed by the Defendants were aware of his expressive rights but nonetheless charged him "to prevent him from street preaching." Id. ¶ 24.

But cities are not liable for all that their employees do. See Monell, 436 U.S. at 691–92. At least not unless there is "proof that [the act] was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." City of Okla. City v. Tuttle, 471 U.S. 808, 824 (1985) (plurality opinion).

There are no allegations along those lines here. Nothing indicates that a municipal choice was in any way a moving force behind the officers' alleged acts. See Forrest, 930 F.3d at 105. The Complaint alleges only that the Defendants' policy or custom violated the Plaintiff's rights.

That is not enough.

In McTernan v. City of York, for example, a plaintiff similarly "fail[ed] to specify the relevant 'custom' or 'policy.'" 564 F.3d 636, 658 (3d Cir. 2009). Instead, he merely alleged that the city had a "policy of ignoring First Amendment rights." Id. That did not suffice to state a claim, the Third Circuit held. Id.; accord, e.g., Brown v. SEPTA, 539 F. App'x 25, 28 (3d Cir. 2013) ("Brown fails to specify the actual policy, practice, or custom and instead makes an unsupported assertion.").

The allegations here are likewise too conclusory to survive the Defendants' motion to dismiss.

Accordingly, as to the City of Englewood and the Englewood City Council, the motion to dismiss is granted.

3

IT IS on this 17th day of July, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

4